Michael Kwasnik, *Pro Se*  
623 Kater Street  
Philadelphia, Pennsylvania 19147

William M. Kwasnik  
100 Knox Blvd.  
Marlton, N.J. 08053

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>    LIBERTY STATE BENEFITS OF DELAWARE, INC., et al.,<br><br>        Debtors,<br>RICHARD W. BARRY, as CHAPTER 11 Trustee for the estate of Liberty State Benefits of Delaware., et al. and Liberty State Credit Inc.,<br>        Plaintiffs,<br>v.<br><br>Alternative Financial Solutions, LLC, Robert C. Hendricks, Michelle Kee, Beneficial Savings Bank, a/k/a Beneficial Mutual Savings Bank, Aable Property Maintenance, LP, William M. Kwasnik, Michael W. Kwasnik, Michael Macaluso, Harry F. Bauer, Jr., Francine Keller, Mark Berenato, Daniel Duffy, Russell DiBella, Dennis Ferry, James Hanna, John Harris, Steven Kwasnik, James Maresca, William T. Robinson, Clark A. Robinson, Anthony R. Thompson, R&M Fox Family Limited | Chapter 11<br><br>Case No. 11-12404 (KG)<br><br><br><br>(Jointly Administered)<br><br><br><br><br><br>Adv. Pro. No. 12-50378<br><br><br><br>**ANSWER TO CROSS-CLAIM** |

Partnership, Grace D. Hill, Ruth Tanis, F. Eric Thompson, Sean Thompson, John L. Harris Family Partnership, William Gantz, William Rodio, Michael Gilligan, Karen O'Rourke, Frank Ciala, Candice Ciala, Frank Henry, J. Lawrence Yerkes, Currituck Enterprises, LLC, James Ronga, Francis Whiston, Sean M. Whiston, Linda Vance, Christoper MacMath, Michael J. Santarpio Jr. Irrevocable Trust, Michael J. Santarpio Jr. Family Trust, Robert Damerjiian, JD Feast Enterprises, Inc., Vernon J. Connor, Leslie Fleischer, The Estate of Alan H. Fleischer, Sharon H. Goodrow, Jeanne M. Kee, Michael Ginn and Barbara H. Fleischer, Robert T. DiBella, D's Candy Car Group, LP, Meghan E. Faiola, Betsy J. Hendricks, Mary Durbans, Kathleen Cantwell, Barbara E. Donahue, Dennis Ryan, Malcolm B. Cooper, Jr., John Does 1-50, and XYZ Companies 1-50,

    Defendants,

Pro Se Defendants, Michael W. Kwasnik and William M. Kwasnik by way of Answer to Defendant's, Harry F. Bauer, Mark Berenato, Russell Dibella, Denise Ferry, James Hanna, John Harris, James Maresca, Anthony R. Thompson, Michael Ginn and Barbara Fleisher, cross-claim, says:

## CROSS-CLAIM FOR CONTRIBUTION

Pro Se Defendants, Michael W. Kwasnik and William M. Kwasnik deny this cross-claim contribution.

Wherefore, Michael W. Kwasnik and William M. Kwasnik demand the entry of judgment dismissing said cross-claim for contribution.

## CROSS-CLAIM FOR INDEMNIFICATION

Pro Se Defendants, Michael W. Kwasnik and William M. Kwasnik deny this cross-claim for indemnities.

Wherefore, Michael W. Kwasnik and William M. Kwasnik demand the entry of judgment dismissing said cross-claim for contribution.

## SEPARATE DEFENSES

1. Answering Defendants discharged their duties in good faith and with that degree of diligence, care, skill which ordinary prudent people would exercise under similar circumstances in like positions and, as such, they are protected by the business judgment rule as codified in N.J.S.A. 14A:6-14(a).

2. In the discharge of their duties and acting in good faith, Answering Defendants relied upon the opinion of counsel for the corporation and, as such, are protected N.J.S.A. 14A:6-14(b)(1).

3. In the discharge of their duties and acting in good faith, Answering Defendants relied upon written reports setting forth financial data concerning the corporation and prepared by a certified public accountant or firm of such accountants; and, as such, are protected N.J.S.A. 14A:6-14(b)(2).

4. In the discharge of their duties and acting in good faith, Answering Defendants relied upon financial statements, books of account or reports of the corporation represented to them to be correct by the Chief Financial officer of the corporation having charge of its books of account, or

the person presiding at a meeting of the board and, as such, are protected N.J.S.A. 14A:6-14(b)(3).

5. Applicable law does not recognize a cause of action for aiding and abetting a fraudulent transfer.

6. Some or all of the claims asserted in the Complaint may be barred by the applicable statutes of limitations.

7. The Complaint fails to state a claim upon which relief may be granted.

8. Some or all of the claims may be barred by reason of intervening and/or superseding causes.

9. Some or all of the claims may be barred by the Doctrine of Laches.

10. Some or all of the claims may be barred by the Doctrine of Estoppel.

11. Some or all of the claims may be barred by the Doctrine of Waiver.

12. Some or all of the claims may be barred by the Doctrine of Unclean Hands.

13. Some or all of the claims may be barred by the Entire Controversy Doctrine.

14. The Plaintiff has failed to mitigate damages.

15. Any damages that the Plaintiff suffered were the result of tortuous acts or omissions by third parties over whom Answering Defendants have no control, and for whom Answering Defendants have no responsibility.

16. In the event that Answering Defendants are deemed liable to Plaintiff, then they may be entitled to contribution, indemnification, apportionment or other relief from one or more of the other Defendants and from any other persons and entities that the subject to joinder in this action for liabilities or duties arising out of the claims at issue in this action. Any liability or duty of Answering Defendants to Plaintiff therefore should be limited or reduced to the extent of such contribution, indemnification, appointment or other relief.

17. Plaintiff's claim for punitive damages is subject to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq.

18. Answering Defendants reserve the right to rely upon such other affirmative defenses as may be supported by the facts to be determined through full and complete discovery.

Wherefore, Defendants, Michael W. Kwasnik and William M. Kwasnik, demand the entry of judgment dismissing each and every count of the Complaint with prejudice and with costs of suit and such other and further relief as the court shall deem just and proper.

## GENERAL PRAYER FOR RELIEF

Answering Defendants respectfully requests that the Court dismiss the Cross-Claim against them with prejudice, award Answering Defendants Damages, Costs of suit, Attorney's fees, Interest, and Whatever else the Court may deem fit.

## RESERVATION OF RIGHTS TO AMEND

Answering Defendants reserve the right to amend or supplement this Answer pending the outcome of discovery and further investigation.

## CERTIFICATION

I, Michael W. Kwasnik, certify that the facts set forth in the foregoing Answer to Cross-Claims are true and correct to the best of my knowledge, information and belief.

DATED: 4/20/2012

MICHAEL W. KWASNIK

Sworn and subscribed

before me this 20th

day of APRIL, 2012.

Jillian Hannock

Notary Public

JILLIAN C HANNOCK
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Sept. 28, 2014

## CERTIFICATION

I, William M. Kwasnik, certify that the facts set forth in the foregoing Answer to Cross-Claims are true and correct to the best of my knowledge, information and belief.

DATED:

*[signature]*

WILLIAM M. KWASNIK

Sworn and subscribed

before me this 20th

day of April, 2012.

*[signature: Jillian C. Hannock]*

Notary Public

> **JILLIAN C HANNOCK**
> NOTARY PUBLIC
> STATE OF NEW JERSEY
> My Commission Expires Sept. 28, 2014